UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA FITCHHORN, BENJAMIN POLLGREEN AND CHRISTOPHER DUFFIELD<br>　　　Plaintiffs,<br><br>　　　vs.<br><br>JAY'S LANDSCAPING AND CUSTOM LAWN SERVICE, INC., D/B/A JAY EUBANKS TREE SERVICE AND HAUL-IT-OFF PROFESSIONAL DEBRIS REMOVAL, AND JOHN "JAY" EUBANKS, JR., INDIVIDUALLY<br>　　　Defendants. | CIVIL ACTION NO.:  19-92<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

NOW INTO COURT through undersigned counsel, come Plaintiffs, Joshua Fitchhorn, Benjamin Pollgreen and Christopher Duffield (collectively "Plaintiffs"), who, on behalf of themselves and all other similarly employed persons, seek to assert claims for unpaid overtime against the following joint employer defendants: Jay's Landscaping and Custom Lawn Service, Inc. d/b/a Jay Eubanks Tree Service and Haul-It-Off Professional Debris Removal and John "Jay" Eubanks, Jr., individually, representing as follows:

## JURISDICTION

1.　Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid overtime wages, an equal amount as liquidated damages, pre-judgment interest, and reasonable attorneys fees and costs.

2.　The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

## VENUE

3.   Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Alabama, and where the unlawful acts complained of occurred.

## PARTIES

4.   Plaintiff Joshua Fitchhorn is a resident of the State of Mississippi performing services for Defendants in Mobile County and the surrounding areas.

5.   Plaintiff Benjamin Pollgreen is a resident of the State of Mississippi performing services for Defendants in Mobile County and the surrounding areas.

6.   Plaintiff Christopher Duffield is a resident of the State of Mississippi performing services for Defendants in Mobile County and the surrounding areas.

7.   Defendant Jay's Landscaping and Custom Lawn Service, Inc. is or was an Alabama company that, during all or part of the time period set forth in the Complaint, was engaged in business in the Southern District of Alabama under its own name and/or doing business as "Jay Eubanks Tree Service" and/or "Haul-It-Off Professional Debris Removal".

8.    Defendant John "Jay" Eubanks, Jr.  is an Alabama resident and, upon information and belief, the sole person responsible for setting the policies and procedures for Jay's Landscaping and Custom Lawn Service, Inc.; Jay Eubanks Tree Service; and/or Haul-It-Off Professional Debris Removal, including those complained of herein.

9.   Unless otherwise specified, Plaintiffs refer to all defendants collectively as "Defendants."

## FLSA COVERAGE ALLEGATIONS

10. All previous paragraphs are incorporated as though fully set forth herein.

11. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA while working for Defendants and were subject to the individual coverage of the FLSA.

12. Specifically, Plaintiffs were "engaged in commerce" because they used equipment and materials in the performance of their job tasks for Defendants that originated outside the state of Alabama, including tools, machinery, gas and other equipment and materials and performed services for Defendants in states other than Alabama.

13. In addition, Defendants as a business enterprise were "engaged in commerce" within the meaning of the FLSA because they jointly operated and engaged in business involving the receipt of objects, equipment and/or materials across state lines.

14. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

15. Specifically, Plaintiffs were engaged in the performance of landscaping and debris removal services for Defendants.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

18. Specifically, Plaintiffs performed services on contracts and projects obtained by Defendants.

19. Defendants controlled all aspects of Plaintiffs' work, including times Plaintiffs worked, where they performed their work, the services they performed and the manner in which those services were performed.

20. In addition, Defendants provided Plaintiffs with all of the equipment and materials they needed to perform their jobs for Defendants.

21. Defendants exercised complete control over Plaintiffs, and Plaintiffs were economically dependent upon Defendants.

22. Plaintiffs were not in business for themselves.

23. Plaintiffs were not independent contractors and did not have a contract to perform discrete, specialized services for Defendants or work on discrete, separate projects.

24. Defendants had the power to hire and fire Plaintiffs.

## JOINT EMPLOYER ALLEGATIONS

25. All previous paragraphs are incorporated as though fully set forth herein.

26. At all times material hereto, Defendants were Plaintiffs' "joint employers" within the meaning of FLSA.

27. Specifically, when Plaintiffs were hired by Defendants to perform services on Defendants' projects, Defendants operated under the name Jay Eubanks Tree Service and Haul-It-Off Professional Debris Removal.

28. All Plaintiffs worked on projects contracted either to Jay Eubanks Tree Service or Haul-It-Off Professional Debris Removal.

29. Plaintiffs wore shirts bearing the name "Jay Eubanks Tree Service" and used equipment bearing the names "Jay Eubanks Tree Service."

30. On its website, Jay Eubanks Tree Service refers to Haul-It-Off Professional Debris

4

Removal as a "division" of Jay Eubanks Tree Service.

31. However, Plaintiffs' paychecks were issued by Jay's Landscaping and Custom Lawn Service, Inc.'s "payroll" account.

32. Jay Eubanks, individually, is the individual who exercised complete control over the operations, employees, payroll and policies of Jay Eubanks Tree Service, Haul-It-Off Professional Debris Removal and Jay's Landscaping and Custom Lawn Service, Inc., and is the person directly responsible for the policies complained of herein.

33. In this manner, Defendants' operations were so intertwined as to be indistinguishable.

34. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

35. All previous paragraphs are incorporated as though fully set forth herein.

36. In 2016, Plaintiff Fitchhorn was hired by Defendants.

37. For the duration of his employment with Defendants, given the relationship between him and the Defendants and the amount of control they exercised over him, Plaintiff Fitchhorn was legally considered as Defendants' "employee."

38. Plaintiff Fitchhorn worked for Defendants until January 2019.

39. During Plaintiff Fitchhorn's tenure with Defendants, Defendants exercised total control over the time, place and manner of his work. He had no ability to control his schedule, the place or time he would work, or who he would be working with during the time he spent working for Defendants.

40. When Plaintiff Fitchhorn began working for Defendants, he was initially paid $225 per day. Later that amount was increased to $250, then $300 per day. Plaintiff Fitchhorn was paid these flat rates regardless of the number of hours he worked in one day, the only exception being that he was only paid half the daily rate if he worked less than five (5) hours per day.

41. Plaintiff Fitchhorn generally worked 10 hours per day for 5 or 6 days a week for Defendants, although after a hurricane or tropical storm, he often worked 7 days a week for Defendants for 12 hours per day.

42. Thus, Plaintiff Fitchhorn regularly worked well in excess of 40 hours per week for Defendants, but was not paid time and one-half for any hours worked in excess of 40 per week, in direct violation of the FLSA. This continued for the entire time he was employed by Defendants.

43. Documentation concerning the number of hours actually worked by Plaintiff Fitchhorn and the compensation actually paid to Plaintiff Fitchhorn is in the possession and custody and control of Defendants.

44. In May 2018, Plaintiff Pollgreen was hired by Defendants.

45. For the duration of his employment with Defendants, given the relationship between him and the Defendants and the amount of control they exercised over him, Plaintiff Pollgreen was legally considered as Defendants' "employee."

46. Plaintiff Pollgreen currently works for Defendants.

47. During Plaintiff Pollgreen's tenure with Defendants, Defendants exercised total control over the time, place and manner of his work. He had no ability to control his

6

schedule, the place or time he would work, or who he would be working with during the time he spent working for Defendants.

48.   Plaintiff Pollgreen is paid $120 per day by Defendants.  Plaintiff Pollgreen is paid this flat rate regardless of the number of hours he works in one day, the only exception being that he is only paid half of this amount if he works less than five (5) hours per day.

49.   Plaintiff Pollgreen generally works 10 hours per day for 5 or 6 days a week for Defendants, although after a hurricane or tropical storm, he often works 7 days a week for Defendants for 12 hours per day.

50.   Thus, Plaintiff Pollgreen regularly works well in excess of 40 hours per week for Defendants, but is not paid time and one-half for any hours worked in excess of 40 per week, in direct violation of the FLSA.  This has continued for the entire time he has been employed by Defendants.

51.   Documentation concerning the number of hours actually worked by Plaintiff Pollgreen and the compensation actually paid to Plaintiff Pollgreen is in the possession and custody and control of Defendants.

52.   In August 2017, Plaintiff Duffield was re-hired by Defendants, after previously working for Defendants at an earlier time in 2016.

53.   For the duration of his employment with Defendants, given the relationship between him and the Defendants and the amount of control they exercised over him, Plaintiff Duffield was legally considered as Defendants' "employee."

54.   During Plaintiff Duffield's tenure with Defendants, Defendants exercised total control over the time, place and manner of his work.  He had no ability to control his

schedule, the place or time he would work or who he would be working with during the time he spent working for Defendants.

55. When Plaintiff Duffield was paid $200 per day while working for Defendants. Plaintiff Duffield was paid this flat rate regardless of the number of hours he worked in one day, the only exception being that he was only paid half this amount if he worked less than five (5) hours per day.

56. Plaintiff Duffield generally worked 10 hours per day for 5 or 6 days a week for Defendants, although after a hurricane or tropical storm, he often worked 7 days a week for Defendants for 12 hours per day.

57. Thus, Plaintiff Duffield regularly worked well in excess of 40 hours per week for Defendants, but was not paid time and one-half for any hours worked in excess of 40 per week, in direct violation of the FLSA. This continued for the entire time he was employed by Defendants.

58. Documentation concerning the number of hours actually worked by Plaintiff Duffield and the compensation actually paid to Plaintiff Duffield is in the possession and custody and control of Defendants

59. Thus, Defendants have violated Title 29 U.S.C. §207 in that:

    a. Plaintiffs (and the putative collective action class plaintiffs) worked in excess of forty (40) hours per week during their periods of employment with Defendants throughout the time they were employed by Defendants;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate any of the Plaintiffs (and the putative collective action class plaintiffs) at the statutory rate of one and one-half times their regular rate for those hours

worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

60. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

61. Specifically, Defendants had in place a system of payment that did not take into account the number of hours Plaintiffs worked each workweek and did not take steps to track or pay Plaintiffs for any hours worked in excess of 40 per week, despite the fact that Plaintiffs were clearly not exempt from the provisions of the FLSA.

62. Defendants knowingly paid Plaintiffs on a "daily rate" system in an effort to not pay them overtime, despite the fact that under the applicable law, Plaintiffs (and the putative collective action class plaintiffs) are not exempt from the provisions of the FLSA.

63. Defendants kept a list of the dates and times that Plaintiffs (and the putative collective action class plaintiffs) worked for them, and were therefore aware that they were not being paid overtime and they did not take any steps to guarantee that Plaintiffs (and the putative collective action class plaintiffs) received overtime pay.

## **COLLECTIVE ACTION ALLEGATIONS**.

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Plaintiffs bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons, who, since February 2016, previously worked or currently work for Defendants and were paid a flat daily rate of pay, worked in excess of 40 hours per week, but were not paid overtime for all hours worked in excess of 40 per week, all in direct violation of the FLSA.

66. Plaintiffs bring this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

67. Plaintiffs estimate that there are dozens, if not hundreds, of members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and practices. Plaintiffs' estimate that potential members of the FLSA Collective Plaintiffs number in the dozens is based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

68. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

69. Given the composition and size of the FLSA Collective Plaintiffs and the potential that many members may be transient, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and text messaging.

70. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent.

   a. Plaintiffs and similarly situated employees worked for Defendants in their debris removal and landscaping business and were subject to the same job scheduling policies, payment practices, and operational procedures. Additionally, Defendants' willful policy or practice, whereby they have failed to pay these employees federally-mandated overtime wages for all hours

      worked in excess of 40 per week has affected Plaintiffs and similarly situated employees in the same fashion.

   b. Plaintiffs are personally aware that other persons who worked for Defendants were subject to the same job scheduling policies, payment practices and operational procedures. Additionally, Defendants' willful policy or practice, whereby they have failed to pay these employees overtime wages for all hours worked in excess of 40 per week has affected Plaintiffs and the similarly situated employees of Defendants in the same fashion.

   c. Although the number of hours worked by each of the Plaintiffs and FLSA Collective Plaintiffs may differ, the payment scheme of paying workers a flat rate of pay, regardless of how many hours that they worked, thereby failing to pay overtime wages for those who worked in excess of 40 hours per week overtime is common to all persons who worked for Defendants and the hours each employee worked should be readily determinable by review of Defendants' records.

   d. Accordingly, Plaintiffs are in the best position to represent all members of the FLSA collective class as a whole.

71. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

72.     Plaintiffs request that the Court authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## CAUSES OF ACTION

### COUNT I:  FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

73.     Plaintiffs re-allege and re-aver all previous paragraphs of the Complaint as if fully set forth herein.

74.     During all time periods relevant hereto, Plaintiffs (and the putative collective action class plaintiffs) worked in excess of forty (40) hours per week for Defendants, but Plaintiffs (and the putative collective action class plaintiffs) were not compensated at the statutory rate of one and one-half times their regular rate of pay for these overtime hours.

75.     Plaintiffs (and the putative collective action class plaintiffs) were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

76.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs (and the putative collective action class plaintiffs) as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

77.     At all times material hereto, Defendants failed to maintain proper time records as

mandated by the FLSA.

78. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs (and the putative collective action class plaintiffs) at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

79. Defendants have failed to properly disclose or apprise Plaintiffs (and the putative collective action class plaintiffs) of their rights under the FLSA.

80. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs (and the putative collective action class plaintiffs) suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

81. Plaintiffs (and the putative collective action class plaintiffs) are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

82. Plaintiffs have retained the law firms of Jackson+Jackson and Williams Litigation, LLC to represent Plaintiffs and FLSA Collective Action Plaintiffs in the litigation and have agreed to pay the firms a reasonable fee for their services.

## CONSENT

83. Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Forms that are attached hereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants as follows:

  a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Awarding Plaintiffs (and the putative collective action class plaintiffs) overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

  c. Awarding Plaintiffs (and the putative collective action class plaintiffs) liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiffs (and the putative collective action class plaintiffs) reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiffs pre-judgment interest and legal interest to which they are entitled; and

  f. Awarding Plaintiffs all other relief to which they are entitled.

          Respectfully Submitted,

          /s/ Jody Forester Jackson
          Jody Forester Jackson, ASB-1988-077J
          Attorney for Plaintiffs and the FLSA Collective
          Plaintiffs


OF COUNSEL:
Jody Forester Jackson, ASB-1988-077J
JACKSON+JACKSON
2100 Southbridge Parkway
Suite 650
Birmingham, Alabama 35209
T: (205) 414-7467
F: (888) 988-6499
E: jjackson@jackson-law.net