# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA FITCHHORN, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 1:19-cv-92-TFM-N |
| JAY'S LANDSCAPING AND CUSTOM LAWN SERVICE, INC., *et al.*, | : |
| Defendants. | : |

## ORDER

Pending before the Court is Plaintiff Benjamin Pollgreen's *Ex Parte Motion to Dismiss FLSA Claims and/or Withdrawal From FLSA Collective Action Without Prejudice*.[1] Doc. 9, filed May 1, 2019. Plaintiff Pollgreen motions the Court to dismiss his claims without prejudice because he desires to be removed as a plaintiff from this litigation. *Id.*, ¶ 3.

On February 26, 2019, Plaintiffs Joshua Fitchhorn, Benjamin Pollgreen, and Christopher Duffield filed their Collective Action Complaint pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* Doc. 1. Attached to the complaint were the FLSA consent forms signed by all three named plaintiffs. *See* Doc. 1-1. Summons were issued and later returned executed on April 30, 2019. *See* Docs. 2, 5-8. On May 1, 2019, Plaintiff Benjamin Pollgree filed the instant motion where he requests that his claim be withdrawn from this litigation. Doc. 9 at 1-2.

"The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to

---

[1] The Clerk of Court is **DIRECTED** to unseal the motion.

such dismissal." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006) (citing *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam)).

In light of the discretion granted to the Court pursuant to Fed. R. Civ. P. 41(a)(2) and the FLSA's requirement for the Court to determine whether a resolution of an FLSA claim is fair and reasonable, *see Lynn's Food Stores, Inc. v. U.S. States ex rel. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982), the Court set this matter for an *ex parte* telephone conference with Plaintiff Pollgreen and his counsel, which was held on May 9, 2019 (*see* Doc. 10). Based on the information the Court obtained from Plaintiff Pollgreen at the telephone conference, the Court finds his intentions for dismissing his claims are legitimate. Additionally, the fact that Plaintiff Pollgreen's claims will be dismissed without prejudice affords him the opportunity to refile his claims if he later changes his mind.

Accordingly, Plaintiff Pollgreen's Motion to Dismiss FLSA Claims and/or Withdrawal From FLSA Collective Action Without Prejudice (Doc. 9) is hereby **GRANTED**, Plaintiff Pollgreen's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**, and this matter remains pending as to remaining Plaintiffs' claims against Defendants.

**DONE** and **ORDERED** this 10th day of May 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE