IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA FITCHHORN, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : CIVIL ACT. NO. 1:19-cv-92-TFM-N |
| | : |
| JAY'S LANDSCAPING AND CUSTOM LAWN SERVICE, INC., *et al.*, | : |
| | : |
| Defendants. | : |

**ORDER**

Pending before the Court are two recently filed documents.  *See* Docs 53, 54.  The Court will address both in this order.

On April 17, 2020, Plaintiff filed a document on behalf of Rickey McCammon entitled "Notice of Filing Consent to Join Collective Action," attached to which is a "FLSA Consent Form" that is signed by Mr. McCammon and dated January 29, 2019.  Doc. 53-1.  Subsequently, Defendants filed their *Motion to Disallow Joinder of New Plaintiff or Alternative Motion for Amendment of the Scheduling Order*.  Doc. 54, filed April 17, 2020.  Defendants request the Court strike or otherwise disallow the addition of Rickey McCammon as a party plaintiff to this action or, in the alternative, to substantially amend the scheduling order to provide sufficient time to address Mr. McCammon's claims.  *Id.*

The Federal Rules of Civil Procedure allow an individual to intervene in an action either by right or by permission by a timely filed motion that "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  FED. R. CIV. P. 24.  Mr. McCammon's notice does not comply with Fed. R. Civ. P. 24

because it is neither styled as a motion nor states the grounds for his intervention. *See* Doc. 54.

Additionally, Plaintiff failed to file a motion to conditionally certify class or facilitate class notice to authorize a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b),[1] which would be the only other vehicle to add McCammon as a plaintiff. The Eleventh Circuit has established a two-tiered procedure for determining whether to certify an opt-in class pursuant to 29 U.S.C. § 216(b). *See, e.g., Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008) (discussing the established procedure). The Court previously noted in its Preliminary Scheduling Order for FLSA Cases that "the deadline for amendment of pleadings and joinder of parties shall also apply to motions for conditional certification of the collective action." *See* Doc. 22 ¶ 5. The Rule 16(b) Scheduling Order provided a deadline of February 14, 2020, for amending pleadings and joinder of parties. *See* Doc. 44 at ¶ 6. No explanation as to the late filing is provided nor is it a proper motion.

Finally, there is no explanation as to the delay in time from January 29, 2019, the date the "FLSA Consent Form" was signed, to this date, April 20, 2020 – fifteen (15) months later – especially as the complaint was filed on February 26, 2019. *See* Doc. 1.

As such, the "Notice of Filing Consent to Join Collective action" is inadequate to add Mr. McCammon to this FLSA collective action. Therefore, the Court declines to add him as a party based upon the current filing.

As a result, Defendants' motion (Doc. 54) is **GRANTED** to the extent the Court disallows the addition of Rickey McCammon as a plaintiff based upon the current notice. Defendants' motion is otherwise **DENIED as moot**.

---

[1] "[I]n a FLSA action, a party plaintiff must opt into an action, whereas in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out." *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007)

**DONE** and **ORDERED** this the 21st day of April 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

3